**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

THE CENTURY FOUNDATION,

    One Whitehall Street, 15th Floor
    New York, NY 10004

        Plaintiff,

  v.

UNITED STATES DEPARTMENT
OF EDUCATION,

    400 Maryland Ave, SW
    Washington, D.C. 20202

and

BETSY DEVOS, *in her official capacity as*
*Secretary of Education*,

    400 Maryland Ave, SW
    Washington, D.C. 20202

        Defendants.

Civil Action No. 18-cv-01128-PAC
_____

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.    Plaintiff The Century Foundation ("TCF") brings this action against the U.S.

Department of Education ("ED" or "Department") under the Administrative Procedure Act, 5

U.S.C. §§ 701-706, Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA, to cease withholding and immediately release

agency records requested, to release materials that ED is required to release under FOIA and the

Higher Education Act of 1965, as amended ("HEA"), and to enjoin ED from continuing to withhold documents, the result of which is effectively barring TCF from exercising its right to provide informed written comments as part of ED's evaluation of accrediting agencies. TCF is also asking the Court to extend the time to submit comments until a reasonable time after release of the documents at issue.

2.      This matter arises from the Department's conduct in discharging its statutory duty to solicit third-party information regarding the performance of certain agencies as accreditors of institutions of higher education.

3.      On January 23, 2018, the Department, through its Office of Postsecondary Education, made available for public inspection a "Solicitation of Third-Party Comments Concerning the Performance of Accrediting Agencies" (hereinafter "the Solicitation"). The Solicitation sought public comment regarding the performance of certain higher education accrediting agencies, including what was formerly the largest federally-recognized accreditor of for-profit colleges and universities, the Accrediting Council for Independent Colleges and Schools ("ACICS") and an accreditor of numerous freestanding law schools, the American Bar Association ("ABA"). *See* 83 Fed. Reg. 3335-36 (Jan. 24, 2018). Although the Solicitation specifically sought comment on ACICS's "Application for Initial Accreditation" and on the ABA's "Compliance Report," the Department has not released either document to TCF pursuant to FOIA and, on information and belief, has not otherwise made the documents available.

4.      As stated in the Solicitation, the comment period that closes on February 16, 2018 is the "[o]nly" opportunity for TCF to provide "written material [to] . . . become part of the official record concerning agencies scheduled for review" and to be "considered by the

Department," and an advisory committee known as "NACIQI," in their "deliberations" regarding the various accrediting agencies.  83 Fed. Reg. 3336 (Jan. 24, 2018).

5.      On January 23, 2018—the same day the Solicitation was made public—TCF submitted two FOIA requests to the Department, one seeking the expedited release of the ACICS Application for Initial Accreditation and the other seeking the expedited release of the ABA Compliance Report.  The Department has since denied the requests for expedited treatment of these two requests and has not provided the requested records.

6.      By effectively barring TCF from exercising its right to provide written comments on these matters of critical public importance, ED's actions are arbitrary, capricious, and not in accordance with law.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E), 5 U.S.C. §§ 701-706, and 28 U.S.C. §§ 1331, 2201, and 2202.

8.      This is an action against an officer and agency of the United States.  Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff TCF resides and has its principal place of business in this District.

9.      Because Defendant's actions as described herein constitute an "[a]gency action to deny . . . a request for expedited processing," 5 U.S.C. § 552(a)(6)(E)(iii), TCF has taken all required steps before seeking, and is now entitled to, judicial action enjoining ED from continuing to fail to process TCF's request in a non-expedited manner and continuing to withhold agency records subject to release under FOIA.

**PARTIES**

10.     TCF is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public.  TCF's mission is to foster opportunity, reduce inequality, and promote security at home and abroad.  To further its mission, TCF gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public through disseminating documents, reports, analyses, and commentary via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

11.     As part of its information dissemination activities, TCF personnel have formally provided comments to the U.S. Department of Education and have provided comments and testified before the National Advisory Committee on Institutional Quality and Integrity ("NACIQI"), on matters regarding the performance of specific accrediting agencies, including ACICS.  TCF personnel also have issued public reports, made available on the TCF website and through other media, and have commented in the press regarding accreditation issues generally and on matters specific to certain accreditors.  TCF analyses are regularly disseminated to the public via media outlets, including analyses regarding consumer protection issues at for-profit law schools accredited by the ABA.  *See, e.g.*, Andrew Kreighbaum, *Calls for Tougher Oversight of For-Profit Law School*, Inside Higher Ed, Nov. 15, 2017 *available at:* https://www.insidehighered.com/news/2017/11/15/accreditors-scrutiny-florida-law-school-renews-concerns-over-oversight.

12.     TCF is injured and suffers an ongoing harm by virtue of being deprived of the information that ED is required to disclose under the HEA and the Department's regulations. TCF devotes substantial resources to ensuring that accrediting agencies comply with the

standards for recognition and educating the public and engaging in advocacy to advance that objective. TCF has already devoted substantial resources to pursuing that mission and will continue to devote such resources going forward. Had TCF already received the information to which they were entitled, they would have sought to educate the public on the implications of the information and would have organized advocacy strategies to respond appropriately to the materials.

13.     TCF has its principal place of business at One Whitehall Street, New York, NY 10004, which is located within this District.

14.     Defendant ED is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). The Department, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq.* Accordingly, it is subject to the provisions of the Administrative Procedure Act. 5 U.S.C. § 551(1). ED has possession, custody, and control of the records that TCF seeks to obtain and which ED is unlawfully failing to disclose.

15.     Defendant Betsy DeVos is the Secretary of the U.S. Department of Education and is being sued in her official capacity. Her official address is 400 Maryland Avenue, S.W., Washington, D.C. 20202.

## STATEMENT OF FACTS

16.     In order for an institution of higher education to participate in the federal student assistance programs authorized by Title IV of the HEA, *e.g.*, to enable students to receive Pell Grants and federally issued Direct Loans, Congress requires an institution to be accredited by an

accrediting agency or association recognized by the Secretary to be a reliable authority as to the quality of education or training offered.

17.     The Department provides oversight over the postsecondary accreditation system through its review of all federally-recognized accrediting agencies. The Department holds accrediting agencies accountable by ensuring that they enforce their accreditation standards effectively.  *See* https://ope.ed.gov/accreditation/.  The Department has referred to accrediting agencies as "'gatekeepers' of institutional eligibility for federal student aid programs."

18.     Through the HEA, Congress not only mandated that the Secretary create procedures governing the process by which an accrediting agency or association may be determined, or "recognized," by the Secretary, but also prescribed specific standards for accrediting agencies or associations to follow.

19.     Among the statutory requirements, Congress mandated that the "Secretary shall conduct a comprehensive review and evaluation of all accrediting agencies or associations which seek recognition by the Secretary."  HEA § 496(n)(1)(A), 20 U.S.C. § 1099b(n)(1). "Such an evaluation shall include . . . the solicitation of third-party information concerning the performance of the accrediting agency or association."  HEA § 496(n)(1)(A), 20 U.S.C. § 1099b(n)(1)(A).

20.     On January 23, 2018, ED made the Solicitation available for Public Inspection through the Federal Register.  The Solicitation was published in the Federal Register on January 24, 2018.  *See* 83 Fed. Reg. 3335 (Jan. 24, 2018).

21.     In the Solicitation, the Department sought public comment regarding "accrediting agencies currently undergoing review for purposes of recognition by the U.S. Secretary of Education."  The Department further stated that "[t]his solicitation of third-party comments

concerning the performance of accrediting agencies under review by the Secretary is required by section 496(n)(1)(A) of the [HEA]."  The Solicitation constituted a request, by ED, for parties to provide information about accrediting agencies so that ED staff could make an informed recommendation, and ED could make an informed decision, as to whether recognize or continue to recognize the agencies as accreditors.

22.     The Solicitation stated that "written comments about the recognition of a specific accrediting or State agency must be received" by February 16, 2018.  The Solicitation also provided that "[o]nly written material submitted by the deadline to the email address listed in this notice, and in accordance with these instructions, become part of the official record concerning agencies scheduled for review and are considered by the Department and NACIQI in their deliberations."

23.     As described more fully herein, NACIQI is an independent body composed of 18 members with varying backgrounds and political viewpoints, chosen specifically for their impartiality and knowledge of accreditation in higher education.  HEA § 114, 20 U.S.C. § 1011c.  NACIQI provides recommendations regarding accrediting agencies that monitor the academic quality of postsecondary institutions and educational programs.  According to the Department's website, "NACIQI complies with all requirements of the Federal Advisory Committee Act (FACA) and the Government in the Sunshine Act."

24.     The Solicitation sought comments regarding five types of reviews, namely (i) an "Application for Initial Recognition"; (ii) "Applications for Renewal of Recognition"; (iii) a "Compliance Report"; (iv) an "Application for an Expansion of Scope"; and (v) a "Renewal— State Agency for the Approval of Public Postsecondary Vocational Education."  With respect to

each of these categories, the Department listed one or more accrediting agencies that is

"currently undergoing review for purposes of recognition."

***Standards and Procedures Governing ED and NACIQI's Review of Applications for Initial
Recognition and Accrediting Agency Compliance Reports***

25.     As required by Congress, *see* HEA § 496(o), 20 U.S.C. § 1099b(o), ED has

established a process for agencies to apply for recognition and has set standards governing

agency recognition.  *See generally* 34 C.F.R. Part 602.  As a general matter, the initial review of

both applications for recognition and accrediting agency compliance reports is conducted by ED

staff, who draft an initial staff analysis.  ED staff ultimately forward their analysis to NACIQI,

along with the application or compliance report and other materials, including "written third-

party comments the Department received about the agency on or before the established deadline"

and "[a]ny agency response to third party comments."  34 C.F.R. § 602.32(f)(3), 34 C.F.R. §§

602.34(c)(4)-(5).  NACIQI then considers the staff analysis and other provided materials and

makes its own recommendation, which it forwards to a Senior Department Official ("SDO") who

has the authority to decide whether or not to recognize the agency.  The SDO decision may be

appealed to the Secretary.  *See generally* 34 C.F.R. Part 602 Subpart C.

26.     More specifically, an entity seeking initial recognition as an accrediting agency

must "submit a written application to the Secretary."  34 C.F.R. § 602.31(a).  That application

"must consist" of three prescribed items, namely (1) "a statement of the agency's requested

scope of recognition"; (2) "[e]vidence, including documentation, that the agency complies with

the criteria for recognition listed in subpart B of [34 C.F.R. Part 602] and effectively applies

those criteria"; and (3) with respect to agencies providing distance education, the application

must consist of "evidence, including documentation of how [the] agency … applies its standards

in evaluating programs and institutions it accredits that offer distance education."  34 C.F.R. §

602.31(a).

27.     Subpart B of 34 C.F.R. Part 602 sets forth the criteria governing the Secretary's

recognition of accrediting agencies.  By way of example only, that subpart provides that an

accrediting agency:

a.  "must demonstrate" a "link" to federal, Title IV programs, 34 C.F.R. § 602.10;

b.  "must demonstrate" that its activities have a particular geographic scope, *id.* §

602.11;

c.  "seeking initial recognition must demonstrate" that it has accreditation

experience*, id.* § 602.12;

d.  "must demonstrate that its standards, policies, procedures, and decisions to grant

or deny accreditation are widely accepted in the United States" by relevant

parties, *id.* § 602.13;

e.  must have a "purpose" that meets one of four categories, *id.* § 602.14;

f.  must demonstrate that it has "the administrative and financial capability" to carry

on accreditation activities, including, *inter alia*, (1) adequate staffing, (2)

competent and qualified staff, (3) academic and administrative personnel on its

evaluation, policy, and decision-making bodies, (4) educators and practitioners on

its evaluation, policy, and decision-making bodies, (5) public representation, and

(6) internal controls, *id.* § 602.15;

g.  "must demonstrate that it has standards for accreditation and preaccreditation," *id.*

§ 602.16;

h.  "must have effective mechanisms for evaluating an institution's or program's compliance with the agency's standards before reaching a decision," *id.* § 602.17;

i.  must "consistently apply and enforce standards that respect the stated mission of the institution," *id.* § 602.18;

j.  "must demonstrate it has, and effectively applies, a set of monitoring and evaluation approaches that enables the agency to identify programs with an institution's or program's continued compliance with agency standards and that takes into account institutional or program strengths and stability," *id.* § 602.19;

k.  must show that it meets the Department's criteria for enforcing standards, *id.* § 602.20, reviewing its standards, *id.* § 602.21, and maintaining certain operating procedures, *id.* §§ 602.22-28.

28.  ED regulations further require that, after receiving an agency's application or compliance report, "Department staff publishes a notice of the agency's application or report in the Federal Register inviting the public to comment on the agency's compliance with the criteria for recognition and establishing a deadline for receipt of public comment."  34 C.F.R. § 602.32(a).

29.  With respect to ACICS, because an accrediting agency's application for initial recognition "must consist of . . . [e]vidence, including documentation that the agency complies with the criteria for recognition," 34 C.F.R. § 602.31(a), and because the Department must "invit[e] the public to comment on the agency's compliance with the criteria for recognition," 34 C.F.R. § 602.32(a), TCF must have access to the agency's Application for Initial Recognition in order to provide informed comments regarding ACICS's compliance with the recognition criteria.

30.     With respect to the ABA, the Solicitation states specifically that the written comments "must relate to issues identified in the compliance report."  In order to provide comments that "relate to issues identified in the compliance report," TCF must have access to the compliance report.

31.     The current comment period is TCF's "[o]nly" opportunity to provide "written material [to] . . . become part of the official record" concerning the review of the accrediting agencies at issue. 83 Fed. Reg. 3336 (Jan. 24, 2018).

32.     The written comments provided are an integral part of the accreditation recognition process and become part of the official record, which must be considered by the Department and NACIQI at each step.  For example:

    a.   As part of the procedures governing ED's review of applications for both initial recognition and for compliance reports, ED staff analysis "includes" a "[r]eview of the public comments … the Department staff receives by the established deadline, and the agency's responses to the third-party comments, as appropriate, as well as any other information Department staff assembles for purposes of evaluating the agency."  34 C.F.R. § 602.32(b)(2).

    b.   When Department staff completes its evaluation of an accrediting agency, the staff must send the draft analysis, "including all third-party comments the Department received by the established deadline" to the accrediting agency under review.  The agency then has an opportunity to respond to the draft report before Department staff finalizes it.  34 C.F.R. §§ 602.32(f)(1)-(5).

    c.   The agency also has an opportunity to respond to any third-party comments.  34 C.F.R. § 602.34(c)(5).

    d.   The final Department staff report must then be provided to an accrediting agency no later than seven days before the meeting of NACIQI.  NACIQI, in turn, considers the Department staff analysis in the context of the provided materials and holds an open meeting where "oral presentations" are accepted, but written comments are not.  34 C.F.R. § 602.34(d).  In determining the status of an accrediting agency, NACIQI considers all materials provided to it by the Department staff, including third-party comments that were received by the Department and any responses to those comments submitted by the agency.

    e.   After each meeting of NACIQI at which a review of an accrediting agency occurs, NACIQI forwards to the SDO its recommendation with respect to the continued accreditation of each agency that was considered.  The SDO's decision regarding the accreditation status of an accrediting agency is based on the record compiled under this process, including the third-party written comments received by the Department staff at the outset of the process. 34 C.F.R. §§ 602.34(g), 602.36(a).

    f.   If an accrediting agency opts to appeal the SDO's decision to the Secretary, the record before the Secretary must "tak[e] into account" the "entire record" before the SDO, including any written comments submitted to the Department.  34 C.F.R. § 602.37(d).

33.    The documents provided to NACIQI through the above process are to ultimately be made public.  34 C.F.R. § 602.31(f)(2) (requiring the Secretary to "make[] all documents provided to [NACIQI] available to the public").

34.    In addition, with respect to ED's duties of public disclosure, the Department's regulations provide that the "Secretary's processing and decision making on requests for public

disclosure of [accrediting] agency materials reviewed under [34 C.F.R. Part 602] are governed by [FOIA]" and that "[t]he Secretary processes FOIA request in accordance with 34 C.F.R. part 5."  34 C.F.R. § 602.31(f).

***TCF's FOIA regarding the Application for Initial Recognition Submitted by ACICS***

35.    ACICS is among the accrediting agencies about which ED solicited third-party comments.  In the Solicitation, ED sought comment about ACICS's "Application for Initial Recognition" as an accreditor of "private postsecondary institutions offering certificates or diplomas, and postsecondary institutions offering associate, bachelor's, or master's degrees in programs designed to educate students for professional, technical, or occupational careers."  83 Fed. Reg. 3335 (Jan. 24, 2018).

36.    Although ACICS has applied for initial recognition as an accreditor, this is not its first application.  On December 12, 2016, then-Secretary of Education John B. King, Jr. terminated the Department's recognition of ACICS as a nationally recognized accrediting agency.  *See* https://www2.ed.gov/documents/acics/final-acics-decision.pdf (hereinafter "ACICS Termination Decision").  The ACICS Termination Decision was, on its face, based upon "pervasive noncompliance" by ACICS with numerous regulatory criteria.  *Id.*

37.    Secretary King's termination decision was based on a review of the "entirety of the record" including the "recommendations of Department staff."  ACICS Termination Decision at 5.  The staff recommendation stated that "the Department received approximately 40 written third-party comments" which "raised serious concerns regarding the accrediting activities of ACICS" and which were "used to identify several of the issues listed in the 'Issues or Problem' section of this analysis."  *See* U.S. Department of Education Staff Report to the Senior Department Official on Recognition Compliance Issues (hereinafter "Staff Report") *available at*:

https://opeweb.ed.gov/aslweb/finalStaffReports.cfm?aID=15&mid=68 (attached hereto as
Exhibit A).

38.     The ACICS Staff Report not only summarized the written comments received, but
also summarized the agency's responses to those comments.  Moreover, the ACICS Staff Report
highlighted the importance of the third-party comments to the recognition recommendation,
stating: "Nonetheless, it is apparent that the agency's process for implementing its standards in
this area is not sufficiently effective. *The large number of third-party comments that the
Department recently received regarding ACICS clearly indicate that what ACICS has been doing
since its last review by the Department is insufficient. The evidence indicates that three aspects
involving complaints needs to be revamped and greatly improved.*" Exhibit A at 14 (emphasis
added).

39.     The ACICS Application for Initial Recognition is reviewed by the Department
under the standards and procedures that apply to all applications for recognition (*i.e.*, initial and
continued) as well as certain standards and procedures that only apply to applications for initial
recognition.  *See, e.g.*, 34 C.F.R. §§ 602.12, 602.32(e).

40.     On information and belief, ED has not made public the ACICS Application for
Initial Recognition, about which the Solicitation seeks comment.

41.     On January 23, 2018—the same day ED made available the Solicitation—TCF
submitted a FOIA request to ED (hereinafter "ACICS FOIA"), a copy of which is attached
hereto as Exhibit B and incorporated herein, seeking access to the following records regarding
ACICS on an expedited basis:

> All documents constituting the Application for Initial Recognition by
> ACICS that is "currently undergoing review and evaluation" by the
> Accreditation Group within the Office of Postsecondary Education at the
> Department.

42.     The ACICS FOIA made explicit and bold its request for expedited processing. *See* Exhibit B at 1, 2-3.  In transmitting the ACICS FOIA to ED by email, the subject line of the email stated in all capital letters: "EXPEDITED TREATMENT REQUESTED: FOIA."

43.     In addition, the first page of the ACICS FOIA stated: "**EXPEDITED TREATMENT REQUESTED**" and that the request was seeking documents "**on an expedited basis**." *See* Exhibit B at 1 (emphases in original).  The ACICS FOIA also included a detailed statement of the basis for expedited processing and highlighted the need to receive the requested documents in order to provide informed comments in response to the Solicitation.

44.     By letter dated January 24, 2018, ED acknowledged receipt of the ACICS FOIA and assigned ED tracking number 18-00902-F.

***TCF's FOIA regarding the Compliance Report Submitted by the ABA***

45.     The American Bar Association ("ABA") is recognized by ED as an accreditor of programs of legal education that lead to the first professional degree in law, as well as freestanding law schools offering such programs.  Freestanding law schools are able to use accreditation by the ABA to establish eligibility to participate in the Federal Student Aid programs authorized by Title IV of the HEA.

46.     With respect to the ABA, the Solicitation requested third-party comments regarding a "compliance report includ[ing] … (1) [f]indings identified in the October 28, 2016 letter from the senior Department official following the June 23, 2016 NACIQI meeting available at: *https://opeweb.ed.gov/aslweb/finalstaffreports.cfm* and (2) [r]eview under 34 C.F.R. § 602.15(a)(1), § 602.15(a)(2), § 602.15(a)(3), § 602.16(a)(1)(viii), and § 602.17(b)."

47.     The link provided by the Department provides an additional link to a September 22, 2016 letter from the SDO.  That letter gave the ABA "up to 12 months … to achieve

compliance and submit a compliance report within 30 days thereafter documenting compliance"
by the ABA with various accreditation criteria.

48.     On information and belief, ED has not made public the ABA Compliance Report
about which the Solicitation seeks comment.

49.     On January 23, 2018—the same day ED made available the Solicitation—TCF
submitted a FOIA request to ED (hereinafter "ABA FOIA"), a copy of which is attached hereto
as Exhibit C and incorporated herein, seeking access to the following records regarding the
ABA's compliance report on an expedited basis:

> All documents constituting the "American Bar Association compliance
> report" referenced in the Solicitation and which is "currently undergoing
> review and evaluation" by the Accreditation Group within the Office of
> Postsecondary Education at the Department.

> To the extent there is a "October 28, 2016 letter from the senior
> Department official following the June 23, 2016 NACIQI meeting"
> regarding the ABA (as distinct from the September 22, 2016 letter
> available at: https://opeweb.ed.gov/aslweb/finalstaffreports.cfm), a copy
> of such letter.

50.     The ABA FOIA made explicit and bold its request for expedited processing.   *See*
Exhibit C at 1-4.  In transmitting the request to ED by email, the subject line of the email stated
in all capital letters: "EXPEDITED TREATMENT REQUESTED: FOIA."

51.     In addition, the first page of the ABA FOIA stated: (1) "**EXPEDITED
TREATMENT REQUESTED**" and that the request was seeking documents "**on an expedited
basis**." *See* Exhibit C at 1-2 (emphases in original).  The ABA FOIA also included a detailed
statement of the basis for expedited processing and highlighted the need to receive the requested
documents in order to provide informed comments in response to the Solicitation.

52.     By letter dated January 24, 2018, ED acknowledged receipt of the ABA FOIA
and assigned ED tracking number 18-00903-F.

***ED's Failure to Meet its Statutory and Regulatory Obligations Under FOIA & the APA***

53.     The ACICS FOIA and the ABA FOIA were submitted to ED on January 23, 2018.  On January 31, 2018, TCF sent an email to "EDFOIAManager@ed.gov" seeking a status update with respect to the processing of both requests.  *See* Exhibit D.

54.     On February 1, ED responded that the "program office is conducting searches for responsive records."  ED also stated that it did "not have a specific completion time available" and that they "must process all FOIA request [sic] in their order of receipt."  *See* Exhibit E.

55.     Contrary to the Department's statement that it must process "all" FOIA requests in the order in which they are received, Department regulations expressly provide that "[t]he Department gives expedited treatment" to certain FOIA requests.  34 C.F.R. § 5.21(i)(2)(i).

56.     ED's February 1, 2018 response also stated that TCF could "monitor the status of [its] request via the Department's FOIA Web page."  Exhibit E.  At the time that TCF received this response, and as of at least February 6, 2018, the "status log" provided by ED on its webpage had not been updated since January 4, 2018 and did not provide any mention of either the ACICS FOIA or the ABA FOIA.

57.     The Department's regulations required ED to make a determination regarding the expedited processing of the ACICS FOIA and the ABA FOIA by February 2, 2018.

58.     On February 5, four days after the deadline for informing TCF of its determination regarding expedited processing, the Department informed TCF that it had denied the request to expedite processing of the requests.  *See* Exhibits F & G.

59.     As of the filing of this Complaint, ED has failed to produce, or otherwise make available for review, the requested documents.

60.     Through its denial of TCF's request for expedited treatment, and its corresponding and continuing failure to produce the requested records in a reasonable amount of time before February 16, 2018, ED has violated its obligation to disclose information that TCF has a right to obtain in a timely manner.  Accordingly, TCF has been effectively barred from submitting informed comments regarding ACICS's Application for Initial Recognition and the ABA's Compliance Report.

61.     Through its conduct, as herein described, ED has disregarded its own procedures under FOIA, which are imposed by statute and regulation, and has barred TCF from having access to documents essential to insuring that the public receive time-sensitive information without delay.  This conduct is arbitrary, capricious, and otherwise not in accordance with law.

62.     Through its conduct, as herein described, ED has failed to provide a complete response to both the ACICS FOIA and the ABA FOIA.

63.     On information and belief, the materials sought by TCF in the ACICS FOIA and ABA FOIA provide critical information about the performance of the respective accrediting agencies and the compliance by those accrediting agencies with the statutory and regulatory criteria for recognition.

64.     Through its conduct, as herein described and irrespective of the FOIA responses, ED has effectively barred TCF from providing informed written comments to the Department, which must be analyzed by Department staff, considered by NACIQI, and form the basis of the record for the decision of the SDO and any appeal by the Secretary.

65.     Under FOIA, the Department's "action to deny … a request for expedited processing … shall be subject to judicial review." 5 U.S.C § 552(a)(6)(E)(iii).  TCF is not

required to administratively appeal the Department's decision denying expedited treatment of the

ACICS FOIA and ABA FOIA.

## FIRST CAUSE OF ACTION
### 5 U.S.C. § 706
**Arbitrary, Capricious, and Otherwise Unlawful Agency Action insofar as the Department has Violated its Obligation Under the HEA to Allow TCF to Provide Written Comments and Seeking to Compel the Department to Extend the Comment Period**

66.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as

though set forth fully herein.

67.     Under the HEA, "[n]o accrediting agency or association may be determined by

the Secretary to be a reliable authority as to the quality of education … unless the agency or

association meets criteria established by the Secretary."  HEA § 496(a), 20 U.S.C. § 1099b(a).

68.     The HEA requires the Department to solicit third-party information concerning an

accrediting agency as part of the Department's evaluation of that agency.  HEA § 496(n)(1), 20

U.S.C § 1099b(n)(1).

69.     Accrediting agencies applying for initial recognition "must submit a written

application to the Secretary" that "consist[s] of," *inter alia*, "[e]vidence, including

documentation, that the agency complies with the criteria for recognition."  34 C.F.R. §

602.31(a).  By regulation, third parties are entitled "to comment on the agency's compliance with

the criteria for recognition."  34 C.F.R. § 602.32(a).  Without having an opportunity to review

the "[e]vidence" that an agency has submitted of its compliance with the recognition criteria,

TCF cannot provide informed "comment[s] on the agency's compliance with the criteria."

70.     With respect to comments on compliance reports, the Solicitation states that the

comments "must relate to issues identified in the compliance report and the criteria for

recognition cited in the senior Department official's letter that requested the report, or in the

Secretary's appeal decision."  Without having an opportunity to review the compliance report, TCF cannot comply with the Department's instructions that any comments about the ABA "must relate to issues identified in the compliance report."

71.     The documents sought by TCF are related to TCF's informed participation in the political process, insofar TCF's analysis of the documents will enable it to provide informed comments in response to the Solicitation, which will become a part of the record on which the Department's decision regarding the continued recognition of ACICS and the ABA is based.

72.     TCF has a history of commenting publicly, both formally and informally, on matters of accreditation generally and on matters specifically involving ACICS, the ABA, and/or the compliance by institutions accredited by those agencies with the criteria necessary for such institutions to maintain accreditation.

73.     ED's conduct in this regard is arbitrary, capricious, and otherwise not in accordance with law.  Moreover, through its failure to make the ACICS Application for Recognition and ABA Compliance Report available to TCF, ED has unlawfully withheld and/or unreasonably delayed actions required by the HEA.

74.     TCF has suffered an injury-in-fact because the Department has failed to disclose information which must be publicly disclosed pursuant to the HEA and ED's regulations promulgated thereunder.  Because ED has denied TCF access to that information, ED has effectively barred TCF from providing informed written comments that the HEA requires the Department to solicit.  Such written comments are required to be analyzed by Department staff in formulating a draft report, 34 C.F.R. § 602.32(b)(2), are required to be provided to NACIQI, 34 C.F.R. § 602.34(c)(4), and automatically become part of the record on which the SDO's decision regarding the accrediting agency is based, 34 C.F.R. § 602.36(a)(1).

75.     Because the comment period established by the Solicitation closes on February 16, 2018, TCF is imminently injured by ED's conduct in failing to release the ACICS Application for Initial Recognition and the ABA Compliance Report.

76.     TCF's injuries in this regard may not be adequately remedied by FOIA.

## SECOND CAUSE OF ACTION
### Violation of 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing of the ACICS FOIA by ED

77.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as though set forth fully herein.

78.     TCF properly requested records within the possession, custody, and control of ED on an expedited basis.

79.     ED is an agency of the executive branch of the U.S. government, is subject to FOIA, and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and ED's own regulations.

80.     As set forth in the ACICS FOIA, the records therein requested relate to an activity of the federal government about which there is an urgent need to disseminate information to inform the public and ED (through the submission and dissemination of comments).

81.     The urgent need for the requested documents was created by the Department, through its establishment of the February 16, 2018 deadline for the submission of comments regarding the performance of ACICS as an accreditor and the compliance by ACICS of the accreditation criteria.

82.     The records sought by the ACICS FOIA and the facts herein alleged demonstrate a compelling need for expedited processing. Without producing to TCF the documents requested in the ACICS FOIA in a timeframe that permits TCF to provide informed written comments to

the Department, ED has effectively barred TCF from providing information to the Department regarding the performance of ACICS as an accreditor.  By setting a February 16, 2018 deadline for the submission of public comments, ED has created an urgent and compelling need for expedited processing.

83.     ED's failure to grant expedited processing of the ACICS FOIA violates FOIA and ED's regulations.  Accordingly, TCF is entitled to injunctive and declaratory relief requiring ED to immediately provide the requested documents and to extend the comment period such that TCF has a reasonable period of time in which to review and comment on the materials requested in TCF's FOIAs.

**THIRD CAUSE OF ACTION**
**Violation of 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing of the ABA FOIA by ED**

84.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as though set forth fully herein.

85.     TCF properly requested records within the possession, custody, and control of ED on an expedited basis.

86.     ED is an agency of the executive branch of the U.S. government, is subject to FOIA, and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and ED's own regulations.

87.     As set forth the ABA FOIA, the records therein requested relate to an activity of the federal government about which there is an urgent need to disseminate information to inform the public and ED (through the submission and dissemination of comments).

88.     The urgent need was created by the Department, through its establishment of the February 16, 2018 deadline for the submission of comments regarding the "issues identified in the compliance report."

89.     The records sought by the ABA FOIA and the facts herein alleged demonstrate a compelling need for expedited processing. Without producing to TCF the documents requested in the ABA FOIA in a timeframe that permits TCF to provide informed written comments to the Department, ED has effectively barred TCF from providing information to the Department regarding the performance of ABA as an accreditor.  By setting a February 16, 2018 deadline for the submission of public comments, ED has created a compelling need for expedited processing.

90.     ED's failure to grant expedited processing of the ABA FOIA violates FOIA and ED's regulations.  Accordingly, TCF is entitled to injunctive and declaratory relief requiring ED to immediately provide the requested documents and to extend the comment period such that TCF has a reasonable period of time in which to review and comment on the materials requested in TCF's FOIAs.

## FOURTH CAUSE OF ACTION
### Violation of 5 U.S.C. § 552
### Failure to Produce Requested Documents

91.     TCF repeats the allegations in the foregoing paragraphs and incorporates them as though set forth fully herein.

92.     TCF properly requested records within the possession, custody, and control of the Department.

93.     The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

94.     By failing to produce the requested materials on an expedited basis, ED has made it impossible for TCF to provide informed comments by the deadline set by the Solicitation.

95.     Department regulations also provide that ED "makes all documents provided to [NACIQI] available to the public," 34 C.F.R. § 602.31(f)(2), and the Department is required to provide both "application[s] for recognition" and "compliance report[s]" to NACIQI, 34 C.F.R. § 602.34(c)(1).  Because the ACICS FOIA and the ABA FOIA seek disclosure of those two types of documents, there is no exemption to justify the withholding of the documents.

96.     TCF is therefore entitled to injunctive and declaratory relief requiring ED to disclose the documents requested through the ACICS FOIA and ABA FOIA as soon as practicable.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately release all records responsive to TCF's FOIA requests identified in this Complaint;

(2) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the ACICS FOIA request and the ABA FOIA request;

(3) Order Defendant to extend the comment period such that TCF has a reasonable amount of time in which to review and comment on the requested ACICS and ABA materials;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records necessary for TCF to submit comments in response to the Department's January 24, 2018 Solicitation;

(5) Declare that the position of the United States in withholding records to which plaintiff is entitled was not substantially justified;

(6) Award Plaintiff attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4) and/or 28 U.S.C. § 2412; and

(7) Grant TCF such other relief as the Court deems just and proper.

Respectfully Submitted,


/s *Alexander S. Elson*
Alexander S. Elson* (N.Y. Bar 4809976)
National Student Legal Defense Network
1440 G Street, N.W.
Washington, D.C. 20005
alex@nsldn.org
(202) 734-7495

*Counsel for The Century Foundation*

 *Member of New York Bar only; practicing in the District
of Columbia under supervision of members of the D.C. Bar
while D.C. Bar application is pending.


Dated:  February 8, 2018