**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CENTURY FOUNDATION,<br><br>                      Plaintiff,<br><br>-v-<br><br>BETSY DEVOS, *in her official capacity as Secretary of Education*, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                      Defendants. | No. 18 Civ. 1128 (PAC) |

## DECLARATION OF HERMAN BOUNDS, JR.

I, Herman Bounds, Jr., hereby declare under the penalty of perjury as follows:

1.      I am employed by the United States Department of Education ("Department") as the Director of the Office of Postsecondary Education ("OPE") Accreditation Group ("AG"). I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration. The statements contained herein are based on my personal knowledge as an employee of the Department, and my review of the pertinent records kept in the regular course of the Department's official business. I am over the age of 18 and competent to testify to the matters herein.

2.      Pursuant to Title IV of the Higher Education Act of 1965 ("HEA"), as amended, only institutions accredited by a federally recognized accrediting agency can provide students with access to federal student aid programs. An accrediting agency seeking federal recognition must demonstrate compliance with specific regulatory criteria. 20 U.S.C. § 1099b(a); *see also* 34 C.F.R. Part 602, Subpart B—The Criteria for Recognition. The HEA and its implementing regulations create an extensive administrative process governing recognition decisions. *See generally* 34 C.F.R. Part 602, Subpart C—The Recognition Process.

3.      The initial part of the recognition process is conducted by the AG. The AG is a specialized office within OPE that is responsible for, among other responsibilities, the Department's oversight of accrediting agencies and the recognition process. It is also responsible for reviewing State approval agencies for the approval of vocational education, state approval agencies for the approval of nurse education, and the medical education standards used by foreign countries for comparability with the medical education standards used in the United States. In addition, the AG confers with the National Advisory Committee on Institutional Quality and Integrity ("NACIQI") to develop recommendations regarding whether to authorize new degree programs offered by established military educational institutions.

4. As Director of AG, my job responsibilities include supervision of the AG's eligibility review and compliance oversight functions for accrediting agencies that seek recognition by the Secretary of Education ("Secretary"). If accrediting agencies are recognized by the Secretary, students attending institutions that are accredited by such agencies may qualify for federal student aid to finance their education, including (but not limited to) Pell Grants and Federal Direct Loans.

5. The Accrediting Council for Independent Colleges and Schools ("ACICS") has filed with the Department a petition for initial recognition, including approximately 260 supporting exhibits.

6. The American Bar Association ("ABA") timely submitted its compliance report, as it was required to do following the decision of the Senior Department Official ("SDO") dated September 22, 2018.

7. ACICS's petition for initial recognition and the ABA's compliance report are both scheduled for review by NACIQI at its Spring 2018 meeting, to be held on May 22-24, 2018.

8. Several months prior to every NACIQI meeting, the AG sets a schedule for the review process so it can comply with the regulatory mandates for accrediting agency recognition review. The schedule for the May 2018 meeting requires the draft staff analysis for all agencies (plus supporting documents and written public comments) to be submitted to the agencies no later than March 13, 2018. Thereafter, the schedule requires the agencies to submit their respective responses to the draft analyses and written public comments by April 12, 2018. Final Staff Analyses and Final Staff Reports must be submitted to the agencies and NACIQI no later than May 15, 2018 –seven days before the NACIQI meeting.

9. As a part of this process, OPE issues a Federal Register notice soliciting written comments from the public about the "agency's compliance with the criteria for recognition," and sets a deadline for receipt of public comments. 34 C.F.R. § 602.32(a).

10. On January 24, 2018, OPE published a notice in the Federal Register soliciting written comments for accrediting agencies currently undergoing review for purposes of recognition by the Secretary and setting a deadline of February 16, 2018 for the written comments. That notice stated that ACICS was applying for initial recognition and the ABA had submitted a compliance report in connection with findings of the senior Department official following the June 23, 2016 NACIQI meeting, and the notice solicited comments "concerning the performance of [the] accrediting agencies under review." A true and correct copy of the January 24, 2018 Federal Register notice is attached hereto as Exhibit A.

11. Following the Court's entry of the temporary restraining order on February 15, 2018, on February 16, 2018, OPE prepared a notice extending the deadline for comments as to the compliance of ABA and ACICS until March 1, 2018. This notice was placed on public inspection with the Office of the Federal Register on February 16, 2018. A true and correct copy of the February 22, 2018 Federal Register notice is attached hereto as Exhibit B.

2

12. On February 26, 2018, after determining that language in the prior notices might cause confusion as to the scope of the comments being solicited, OPE submitted a correction to the January and February notices to the Office of the Federal Register. The correction notice was placed on public inspection with the Office of the Federal Register on February 26, 2018. It will be published in the Federal Register on February 28, 2018. A true and correct copy of the correction notice is attached hereto as Exhibit C.

13. OPE posted the correction notice on the NACIQI website on February 27, 2018.

14. Under the Higher Education Act, the Department solicits "third-party information concerning the performance of the accrediting agency," 20 U.S.C. § 1099b(n)(1)(A), and accordingly, takes comments with regard to "the agency's *compliance* with the criteria for recognition." 34 C.F.R. § 602.32(a) (emphasis added). The comment process established by 34 C.F.R. § 602.32 therefore solicits comments on the accrediting agencies' performance and their compliance with the criteria, and not on any applications or reports they may have submitted to the Department. Thus, the Department's view is that the solicitation process described in the regulation does not require the commenters to have access to the specific applications or compliance reports or exhibits submitted by the accrediting agencies, and the Department has not traditionally provided those materials in advance as part of the comment process. We recognize that the sentence in the January 24, 2018 Federal Register notice stating that "[c]omments about an agency's recognition after review of a compliance report must relate to issues identified in the compliance report and the criteria for recognition cited in the senior Department official's letter that requested the report or in the Secretary's appeal decision, if any," may have caused confusion regarding the intended scope of the solicited comments. However, it was the Department's intent that comments address the specific criteria previously identified by the Department, not that commenters discuss the contents of the compliance report itself.

15. At least 30 days before the May 2018 NACIQI meeting, OPE will publish another Federal Register notice of the meeting (including dates, times and location), inviting the public (including those who submitted written comments) to make oral presentations at the meeting. *See* 34 C.F.R. § 602.34(d) and (e). This notice will also advise the public that it may inspect the meeting materials at the Department's headquarters in Washington, D.C. Those materials include the Final Staff Analysis and Final Staff Report.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2018.

_____
Herman Bounds, Jr.