UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CENTURY FOUNDATION,

                              Plaintiff,

                    -v-

BETSY DEVOS, *in her official capacity as Secretary of Education*, and UNITED STATES DEPARTMENT OF EDUCATION,

                              Defendants.

18 Civ. 1128 (PAC)


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
E-mail: rachael.doud@usdoj.gov

RACHAEL L. DOUD
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT .........................................................................................................................6

    I.       LEGAL STANDARD.................................................................................................6

    II.     PLAINTIFF IS NOT ELIGIBLE FOR FEES UNDER FOIA................................8

           A.     FOIA Does Not Authorize Fees Unless a Claimant "Substantially
                 Prevail[s]" on Claims *Under FOIA*, Which Plaintiff Has Not....................8

           B.     Even If Plaintiff Had Prevailed on Its FOIA Claims, It Would
                 Not Have Been Entitled to the Relief It Claims to Have Received ..........12

           C.     The Department Could Not "Change Its Position" on Plaintiff's
                 FOIA Requests When It Had Yet Not Taken One....................................13

    III.    PLAINTIFF IS NOT ENTITLED TO FEES UNDER FOIA..............................15

           A.     The "Reasonable[ness]" of the Department's Response ...........................16

           B.     The Public Benefit Derived from the Case .................................................18

           C.     Policy Considerations ................................................................................19

    IV.    EVEN IF PLAINTIFF WERE ELIGIBLE FOR AND ENTITLED TO
             FEES UNDER FOIA, THE MAJORITY OF THE FEES IT SEEKS
             ARE IMPROPER.....................................................................................19

CONCLUSION.....................................................................................................................23

# TABLE OF AUTHORITIES

**CASES**                                                                       **Page(s)**

*Anderson v. HHS,*
    80 F.3d 1500 (10th Cir. 1996) .................................................................................20-21

*Barnard v. Dep't of Homeland Sec.,*
    656 F. Supp. 2d 91 (D.D.C. 2009) ................................................................................ 15

*Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of State,*
    No. 17 Civ. 7520 (PGG), 2018 WL 369783 (S.D.N.Y. Jan. 10, 2018) ...................... 12-13

*Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n,*
    711 F.3d 180 (D.C. Cir. 2013) ......................................................................................... 5

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice,*
    825 F.Supp.2d 226 (D.D.C. 2011) ...................................................................................22

*Copeland v. Marshall,*
    641 F.2d 880 (D.C. Cir. 1980) ....................................................................................... 21

*Cornucopia Inst. v. Agricultural Mktg. Serv.,*
    285 F. Supp. 3d 217 (D.D.C. 2018) ............................................................................... 11

*Dasilva v. U.S. Citizenship and Immigration Servs.,*
    No. 13 Civ. 13 (LMA), 2014 WL 775606 (E.D. La. Feb. 24, 2014) .............................. 20

*Davy v. CIA,*
    550 F.3d 1155 (D.C. Cir. 2008) ............................................................................... 16, 17

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.,*
    218 F. Supp. 3d 27 (D.D.C. 2016) ............................................................................. 9, 11

*Falcone v. IRS,*
    714 F.2d 646 (6th Cir. 1983) ......................................................................................... 19

*Ferguson v. FBI,*
    722 F. Supp. 1137 (S.D.N.Y. 1989)............................................................................... 13

*Hajro v. U.S. Citizenship and Immigration Servs.,*
    900 F. Supp. 2d 1034 (N.D. Cal. 2012) ......................................................................... 11

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)................................................................................................. 20, 21

*Judicial Watch, Inc. v. U.S. Dep't of Justice*,
  878 F. Supp. 2d 225 (D.D.C. 2012) ..................................................................... 21

*LaSalle Extension Univ. v. FTC*,
  627 F.2d 481 (D.C. Cir. 1980) .......................................................................... 15

*Mastrio v. Sebelius*,
  768 F.3d 116 (2d Cir. 2014) .............................................................................. 9

*Mendez–Suarez v. Veles*,
  698 F. Supp. 905 (N.D. Ga. 1988) .................................................................... 11

*N.Y. Times Co. v. CIA*,
  251 F. Supp. 3d 710 (S.D.N.Y. 2017) ........................................................ *passim*

*Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*,
  236 F. Supp. 3d 810 (S.D.N.Y. 2017) ........................................................... 5, 17

*Nat'l Sec. Archive v. Dep't of Defense*,
  530 F. Supp. 2d 198 (D.D.C. 2008) .................................................................. 21

*Nat'l Sec. Counselors v. CIA*,
  189 F. Supp. 3d 73 (D.D.C. 2016) ........................................................ 15, 17, 19

*Nichols v. Pierce*,
  740 F.2d 1249 (D.C. Cir. 1984) ....................................................................... 11

*Pietrangelo v. U.S. Army*,
  568 F.3d 341 (2d Cir. 2009) ..................................................................... *passim*

*Poett v. U.S. Dep't. of Justice*,
  No. 08–0622, 2010 WL 3892249 (D.D.C. Sept. 30, 2010) .............................. 11

*Pohl v. EPA*,
  No. 09 Civ. 1480 (WLS), 2012 WL 762083 (W.D. Pa. March 7, 2012) ........... 20

*Rosenfield v. U.S. Dep't of Justice*,
  904 F. Supp. 2d 988 (N.D. Cal. 2012) .............................................................. 22

*Simon v. United States*,
  587 F. Supp. 1029 (D.D.C. 1984) ............................................................ 12, 14-15

*Summers v. U.S. Dep't of Justice*,
  569 F.3d 500 (D.C. Cir. 2009) .......................................................................... 7

*Terris, Pravlik & Millian, LLP v. Centers for Medicare & Medicaid Servs.*,
    794 F. Supp. 2d 29 (D.D.C. 2011) ................................................................. 11

*Torres v. Gristede's Operating Corp.*,
    No. 04 CIV. 3316 (PAC), 2012 WL 3878144 (S.D.N.Y. Aug. 6, 2012) ...................... 7, 8

*Troll Co. v. Uneeda Doll Co.*,
    483 F.3d 150 (2d Cir. 2007) ........................................................................ 10

*Warren v. Colvin*,
    744 F.3d 841 (2d Cir. 2014) ........................................................................ 13

**STATUES**

5 U.S.C. § 552(a)(4)(B) ...................................................................................... 12

5 U.S.C. § 552(a)(4)(E) ............................................................................... *passim*

5 U.S.C. § 552(a)(6)(A)(i) ............................................................................... 5, 14

5 U.S.C. § 552(a)(6)(C) ...................................................................................... 12

5 U.S.C. §§ 701-706 ............................................................................................. 1

20 U.S.C. § 1099b(n)(1) ....................................................................................... 4

20 U.S.C. § 1099c ................................................................................................ 4

28 U.S.C. § 2412(d)(1)(A) ................................................................................... 9

**OTHER AUTHORITIES**

83 Fed. Reg. 3335 ............................................................................................... 4

153 Cong. Rec. S15704 ..................................................................................... 10

Geoffrey S. Berman, United States Attorney for the Southern District of New York, on behalf of defendants Betsy DeVos, in her official capacity as Secretary of Education, and the United States Department of Education (the "Department") (collectively, "Defendants"), respectfully submits this memorandum of law in opposition to Plaintiff The Century Foundation's ("Plaintiff's") motion for attorney's fees and costs pursuant to the fee provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E) (the "Motion").  For the reasons discussed below, Plaintiff's Motion urges an unprecedented and impermissible expansion of FOIA's fee provision and should be denied.

## PRELIMINARY STATEMENT

In this case, filed on February 8, 2018, Plaintiff asserted claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and FOIA, 5 U.S.C. § 552.  With regard to the APA, Plaintiff argued that the Department acted arbitrarily, capriciously and unlawfully in failing to make two documents available as part of an ongoing notice-and-comment process, and that Plaintiff was entitled to the immediate release of the documents and sufficient time to comment on them before the notice-and-comment period expired.  With respect to FOIA, Plaintiff argued that the Department had wrongfully denied its applications for expedited processing of requests it had made for the same two documents.

The only form of relief Plaintiff received before voluntarily dismissing the case was a temporary restraining order extending the notice-and-comment period in response to Plaintiff's APA claims, in which the Court explicitly stated that it was not expressing any opinion on Plaintiff's FOIA claims.  (Feb. 15, 2018 Opinion & Order (Dkt. No. 19) ("Opinion & Order") at 5-6.)  Further, because Plaintiff brought suit before the Department's statutory twenty-day period to respond to Plaintiff's FOIA requests had elapsed, the only relief Plaintiff could have received on its FOIA claims was expedited processing of its requests—not, as Plaintiff sought, the

immediate release of the documents.

Plaintiff now seeks fees and costs under FOIA's fee provision, 5 U.S.C. § 552(a)(4)(E), despite the fact that Plaintiff did not receive any relief as a result of its FOIA claims.  In doing so, Plaintiff proceeds on the novel theory that the Department's production of the requested records during the pendency of Plaintiff's case was purportedly accelerated by the Court's entry of a temporary restraining order ("TRO") on Plaintiff's APA claims, and that this somehow means that Plaintiff "substantially prevailed" on its FOIA claims, as required to recover fees under Section 552(a)(4)(E).

Plaintiff's theory is directly at odds with the statute and the case law and should be rejected.  First, Plaintiff's argument is foreclosed by the very language of FOIA's fee provision, which only allows fees to plaintiffs who have "substantially prevailed" on claims "under th[at] section"—*i.e.*, on claims under FOIA.  5 U.S.C. § 552(a)(4)(E)(i).  Plaintiff acknowledges that it received the documents it requested as a result of its APA claims, not its FOIA claims, and thus effectively concedes that it did not "substantially prevail[]" on any claims under FOIA.  Further, because Plaintiff filed suit before the Department's twenty-day response period had expired, it would not even have been possible for Plaintiff to obtain the relief it sought under FOIA: the immediate release of the requested records.  Finally, while Plaintiff invokes the prong of FOIA's fee provision that allows fees in the absence of court-ordered relief where the plaintiff demonstrates that it obtained relief on a FOIA claim through "a voluntary or unilateral change in position by the agency," *id.* § 552(a)(4)(E)(ii)(II), because Plaintiff filed suit before the end of the statutory twenty-day response period, the Department had not yet taken a position on Plaintiff's FOIA requests, and it thus could not "change [its] position."  *Id.*  In effect, because Plaintiff's supposed success in this case had nothing to do with its FOIA claims, the outcome

was identical to what it would have been if Plaintiff had never asserted any FOIA claims.  In order to find Plaintiff eligible for fees, the Court would therefore have to find that FOIA fees are available where relief is obtained under other statutes—an interpretation that directly conflicts with the language of FOIA and has been rejected by every court to consider the issue.  Plaintiff has pointed to no case, and the Government is aware of none, in which a court has ever so held.  This Court should not be the first to do so.

Even where a plaintiff demonstrates that it is eligible for fees under FOIA, the Court must determine whether the plaintiff is entitled to fees, based on a balancing of four factors.  *See Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009).  Even if it were eligible for fees, Plaintiff is not entitled to fees because (i) the Department's purported failure to produce documents responsive to Plaintiff's FOIA requests before the statutory response period had elapsed was plainly reasonable, and (ii) Plaintiff has not demonstrated that the immediate release of the documents was, as Plaintiff has claimed, necessary to serve the public interest.  *See id.* (relevant factors include "the public benefit derived from the case" and "whether the Government had a reasonable basis for withholding requested information").

Finally, even if the Court were to conclude that Plaintiff is eligible for and entitled to fees, the fees Plaintiff has sought would have to be substantially reduced because: (i) Plaintiff improperly seeks fees for its non-FOIA claims; (ii) Plaintiff did not actually succeed on its FOIA claims; (iii) the hours for which Plaintiff seeks fees are excessive; and (iv) Plaintiff is not entitled to fees for counsel's time spent reviewing the documents Plaintiff received in response to its FOIA requests.

## BACKGROUND

As discussed in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 28) ("Opposition" or "Opp."), in order to participate in the

federal student assistance programs authorized by Title IV of the Higher Education Act

("HEA"), institutions of higher education must be accredited. *See* HEA § 498; 20 U.S.C.

§ 1099c; (Opp. at 3).  While independent accrediting agencies establish operating standards for

institutions and determine whether those standards have been met in particular cases, the

Department provides oversight of the system through its review and recognition of accrediting

agencies.  (Opp. at 3.)  As part of this review and recognition process, the Department "solicit[s]

. . . third-party information concerning the performance of the accrediting agency or

association."  HEA § 496(n)(1); 20 U.S.C. § 1099b(n)(1); (Opp. at 3-4).

    In accordance with this statutory mandate, on January 23, 2018, the Department issued a

notice calling for the submission of written, third-party comments regarding several accrediting

agencies that were undergoing review for purposes of recognition by the Secretary of Education.

83 Fed. Reg. 3335; (Opp. at 5).  These agencies included the Accrediting Council for

Independent Colleges and Schools ("ACICS"), which had submitted an application for initial

recognition, and the American Bar Association ("ABA"), which had submitted a compliance

report after the Department identified certain compliance deficiencies.  83 Fed. Reg. 3335-3336;

(Opp. at 6).  The notice set a deadline of February 16, 2018.  83 Fed. Reg. 3336; (Opp. at 6).

    Later on January 23, 2018, Plaintiff submitted FOIA requests to the Department seeking

the application submitted by ACICS and the compliance report submitted by the ABA and

requesting expedited processing of its requests.  (Complaint (Dkt. No. 9) ("Compl.") Exs. B &

C.)  The FOIA Service Center received the requests on January 24, 2018, and forwarded them to

the Department.  (Opp. at 6.)  On February 6, 2018, the Department denied Plaintiff's requests

for expedited processing.  (Compl. Exs. F & G.)  In accordance with FOIA, the Department had

twenty business days from receipt, or until at least February 21, 2018, to respond to Plaintiff's

4

requests.  5 U.S.C. § 552(a)(6)(A)(i).[1]

On February 8, 2018, Plaintiff filed suit, asserting causes of action under FOIA and the APA, and seeking declaratory and injunctive relief requiring the Department to produce the ACICS application and ABA compliance report and extending the time to submit comments "until a reasonable time after release of the documents at issue."  (Compl. ¶ 1.)  With regard to its APA claim, Plaintiff alleged that the Department's "conduct . . . [was] arbitrary, capricious, and not otherwise in accordance with law," because it had not disclosed the ACICS application and ABA compliance report, which Plaintiff contended it needed "to provide informed comments."  (*Id.* ¶¶ 71, 73.)  With regard to its FOIA claims, Plaintiff challenged the Department's denial of its requests for expedited processing.  Plaintiff also asserted a claim for "Failure to Produce Requested Documents" under FOIA (*id.* at 23), despite the fact that the Department's time to respond to Plaintiff's FOIA requests had not yet run.

On February 13, 2018, Plaintiff submitted, and the Court entered, an order to show cause regarding Plaintiff's request for a TRO and preliminary injunction.  (Dkt. No. 14.)  On February 15, 2018, after hearing argument, the Court entered a TRO extending the comment period until the earlier of March 1, 2018 or the disposition of Plaintiff's request for a preliminary injunction.  (Dkt. No. 19.)  In its Order, the Court found "that TCF is entitled to a TRO prohibiting the Department from enforcing the deadline to submit written comments concerning ACICS and the ABA until the Court is in a position to rule on [Plaintiff's request for a preliminary injunction]" because, "at least with regard to its Administrative Procedure Act ("APA") claim seeking to

---

[1] The Government is not required to produce the requested records during the twenty-day period, but merely to convey its determination on whether it will produce the records to the requester. *See, e.g.*, *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, 236 F. Supp. 3d 810, 815 (S.D.N.Y. 2017) (citing *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013)).

extend the comment period, TCF has demonstrated serious questions going to the merits to make

them a fair ground for litigation, irreparable harm, and a balance of hardships tipping decidedly

in its favor." (Opinion & Order at 5.)  The Order explicitly stated that, "[a]t this time, the Court

expresses no opinion on the merits of TCF's claim that the Department also violated by FOIA by

declining the requests for expedition." (*Id.* at 5-6.)

On February 16, 2018 and February 22, 2018, the Department produced documents

in response to Plaintiff's FOIA requests. (Opp. at 7.)  On February 21, the Department sent

Plaintiff its final response to Plaintiff's requests. (*Id.*)

On March 1, 2018, after hearing argument, the Court denied Plaintiff's request for a

preliminary injunction.  At the argument, the Court asked Defendants' counsel why the

Defendants had produced the documents Plaintiff had requested.  Counsel responded that

Defendants had produced the documents in response to Plaintiff's FOIA requests, but that

production was "probably accelerated significantly beyond what it otherwise would have [been]

in the hopes that we would be able to move forward with this process"—*i.e.*, the notice-and-

comment process—"and not have it delayed any further." (Transcript of March 1, 2018 Hearing

(Dkt. No. 37) ("March 1, 2018 Tr.") at 16-17.)

On March 14, 2018, Plaintiff voluntarily dismissed the case. (Dkt. No. 34.)  On March

27, 2018, Plaintiff filed its motion for fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## ARGUMENT

### I. LEGAL STANDARD

FOIA provides that "[t]he court may assess against the United States reasonable attorney

fees and other litigation costs reasonably incurred in any case *under this section* in which the

complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added).  "To be

entitled to such an award, a litigant must first establish eligibility by showing that he

'substantially prevailed' in his lawsuit." *Pietrangelo*, 568 F.3d at 343. A claimant "substantially prevail[s]" by obtaining relief through either "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Plaintiff does not dispute that it did not obtain the requested documents through a judicial order, but instead attempts to proceed under Subsection II. That provision, which Congress added in 2007, was intended to incorporate the "catalyst theory" of fee eligibility, pursuant to which a plaintiff who has not obtained court-ordered relief may receive fees if he can show that the FOIA litigation "substantially caused the requested records to be released." *Summers v. U.S. Dep't of Justice*, 569 F.3d 500, 502-503 (D.C. Cir. 2009) (citation omitted).

Where a plaintiff has demonstrated that it is eligible for fees under FOIA, the court applies a four-factor test to determine whether the plaintiff is entitled to fees. *Pietrangelo*, 568 F.3d at 343. These factors are: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Id.*

Finally, if the court determines that a plaintiff is eligible for and entitled to fees under FOIA, it must assess whether the fees sought are "presumptively reasonable under the lodestar approach generally applied to fee applications in the Second Circuit." *N.Y. Times Co. v. CIA*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017) (internal quotation marks omitted); *see* 5 U.S.C. § 552(a)(4)(E)(i)). In doing so, the court considers: "(1) the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to a successful outcome for the client, and (2) a reasonable hourly rate for counsel." *Torres v. Gristede's Operating Corp.*, No. 04 CIV. 3316 (PAC), 2012 WL 3878144, at *1 (S.D.N.Y. Aug. 6, 2012). The fee applicant

"bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id*. (citation omitted).

Plaintiff cannot show that it is eligible for or entitled to fees under FOIA.  Even if it could, substantial portions of the work for which Plaintiff seeks fees would have to be excluded.

## II.    PLAINTIFF IS NOT ELIGIBLE FOR FEES UNDER FOIA

Plaintiff argues that it is eligible for fees because the Department accelerated its release of the documents Plaintiff had requested under FOIA in response to the Court's entry of the TRO.  (*See* Memorandum of Law in Support of Motion for Attorney's Fees and Costs (Dkt. No. 40) ("Mem.") at 1-2, 7-9.)  Even assuming the TRO did accelerate the Department's production of documents in response to Plaintiff's FOIA requests, Plaintiff did not "substantially prevail[]" *on claims under FOIA*, as Section 522(a)(4)(E)(i) requires.  Indeed, Plaintiff could not have obtained that relief on its FOIA claims, because it filed suit before the statutory twenty-day response period had elapsed.  Finally, the Department could not "change [its] position," 5 U.S.C. § 522(a)(4)(E)(ii)(II), on Plaintiff's FOIA requests when it had not yet taken one and its time to do so had not yet elapsed.

### A.  FOIA Does Not Authorize Fees Unless a Claimant "Substantially Prevail[s]" on Claims *Under FOIA*, Which Plaintiff Has Not

FOIA only provides for an award of fees and costs where the complainant has "substantially prevailed" in a "case under this section"—*i.e.*, a case under FOIA.  5 U.S.C. § 522(a)(4)(E)(i).  The relief Plaintiff claims to have received—the accelerated production of documents responsive to its FOIA requests—was not a response to Plaintiff's FOIA claims in this lawsuit, but rather a response to the Court's Order granting temporary injunctive relief under the APA.  Plaintiff therefore cannot show that it is eligible for fees under FOIA.[2]

---

[2] The absurdity of Plaintiff's position that it is entitled to fees under FOIA as a result of the

The only relief Plaintiff received in this case was the TRO, which was based exclusively on Plaintiff's APA claims.  It is this TRO that Plaintiff argues prompted the Department to "change its position" by "accelerat[ing]" its processing of Plaintiff's FOIA requests.  (Mem. at 6-8 (citing, *e.g.*, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 41-43 (D.D.C. 2016) (holding that requester was entitled to fees where agency "accelerated" search for responsive records in response to filing of FOIA lawsuit).)  Plaintiff does not contend that its FOIA claims in this lawsuit had any impact on the Department's timeline for producing documents in response to Plaintiff's FOIA requests, nor does it dispute that the outcome of the case would have been identical *even if Plaintiff had not asserted FOIA claims at all*.  Indeed, while Plaintiff repeatedly emphasizes Defense Counsel's statement that the Department's production of the documents Plaintiff requested was "probably accelerated significantly . . . in the hopes that we would be able to move forward with [the notice-and-comment] process and not have it delayed any further" (March 1, 2018 Tr. at 16-17), this merely serves to emphasize that, to the extent the Department's timeline for producing the documents was influenced by Plaintiff's lawsuit, this was entirely attributable to the Court's entry of a TRO extending the notice-and-comment period in response to Plaintiff's APA claims.  Accordingly, Plaintiff cannot show that it "substantially prevailed" on its FOIA claims, as the statute requires.

To the extent Plaintiff attempts to argue that the mere presence of FOIA claims in its

---

Department's response to the TRO entered on Plaintiff's APA claims is highlighted by the fact that Plaintiff clearly would not be entitled to fees on its APA claims—even though it is only under that statute that Plaintiff obtained any relief at all—because the Court did not make a determination on the merits of those claims.  *See Mastro v. Sebelius*, 768 F.3d 116, 120-22 (2d Cir. 2014) (plaintiff was not a "prevailing party" under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), where the court entered a TRO in plaintiff's favor and held that Plaintiff raised "sufficiently serious questions going to the merits to make them a fair ground for litigation," but "did not determine that plaintiff had a legal right or entitlement to the relief granted" (internal quotation marks and alterations omitted)).

lawsuit entitles it to fees under the statute, that position is inconsistent with the statutory language, the legislative history, and common sense.  First, Plaintiff's reading is directly at odds with Section 522(a)(4)(E)(ii)(II), which authorizes fees in response to "a voluntary or unilateral change in position by the agency" *only* "if the complainant's claim is not insubstantial."  "Claim" clearly refers to the complainant's FOIA claim, making clear that the agency's change in position must be tied to such a claim.  Second, the legislative history makes clear that Section 522(a)(4)(E)(ii)(II), which authorizes fees in response to "a voluntary or unilateral change in position by the agency," was meant to address situations in which an agency that would otherwise be compelled by court order to produce records sought under FOIA does so before the court enters an order to that effect, in order to avoid having to pay attorney's fees.  *See* 153 Cong. Rec. S15704 (2007) (Senator Leahy, sponsor of bill that added Section 522(a)(4)(E)(ii)(II), explaining that the provision was intended to "address[] a relatively new concern that, under current law, Federal agencies have an incentive to delay compliance with FOIA requests until just before a court decision is made that is favorable to a FOIA requestor," by providing that "a FOIA requester can obtain attorneys' fees when he or she files a lawsuit to obtain records from the Government and the Government releases those records before the court orders them to do so").  This presupposes that the plaintiff's FOIA claims are the basis for the agency's decision to produce the records.  Finally, it would make no sense to condition the availability of fees on having asserted FOIA claims that may be totally without merit.  *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007) ("[I]t is an elemental principle of statutory construction that an ambiguous statute must be construed to avoid absurd results.").

Plaintiff has not cited, and the Government is not aware of, any case in which a court has awarded fees under FOIA in a case not brought under FOIA, or where a plaintiff prevailed on

only non-FOIA claims.[3]  Indeed, the D.C. Circuit explicitly rejected such an argument in *Nichols v. Pierce*, 740 F.2d 1249 (D.C. Cir. 1984), in which the plaintiff sought fees under FOIA because her successful APA lawsuit had the tangential effect of causing the Department of Housing and Urban Development to comply with one of FOIA's requirements.  *Id.* at 1252-54 (holding that plaintiff who "commenced the action in an attempt to require HUD to amend its previous Section 8 regulations to conform to the standards of due process and the Administrative Procedure Act" could not recover fees under FOIA because those claims were not "brought under FOIA within the meaning of Section 552(a)(4)(E)" (internal quotation marks omitted).)

Other courts that have confronted the issue have similarly concluded that, where a plaintiff asserts both FOIA and non-FOIA claims, FOIA's fee provision applies only where the plaintiff obtains relief as a result of its FOIA claims.  *See Hajro v. U.S. Citizenship and Immigration Servs.*, 900 F. Supp. 2d 1034, 1041-44 (N.D. Cal. 2012) (holding that FOIA's fee provision did not apply to APA and due process claims), *overruled on other grounds*; *Poett v. U.S. Dep't. of Justice*, No. 08–0622 (CKK), 2010 WL 3892249, at *4 (D.D.C. Sept. 30, 2010) (where a plaintiff asserts claims under FOIA and another statute, in determining whether to award fees under FOIA, court must determine "which litigation substantially caused the document's release"); *Mendez–Suarez v. Veles*, 698 F. Supp. 905, 907 (N.D. Ga. 1988) (plaintiff could not show that he substantially prevailed under FOIA where "[i]t is not clear from the record whether the requested information was released because of plaintiff's FOIA requests or because of discovery requests made pursuant to Rule 34 of the Federal Rules of Civil

---

[3] Notably, the District of D.C. cases Plaintiff cites for the proposition that a plaintiff may be eligible for fees where the lawsuit prompts an agency's production of responsive records were all brought exclusively under FOIA.  *See Cornucopia Inst. v. Agricultural Mktg. Serv.*, 285 F. Supp. 3d 217 (D.D.C. 2018); *Elec. Privacy Info Ctr.*, 218 F. Supp. 3d 27; *Terris, Pravlik & Millian, LLP v. Centers for Medicare & Medicaid Servs.*, 794 F. Supp. 2d 29 (D.D.C. 2011).

11

Procedure"); *Simon v. United States*, 587 F. Supp. 1029, 1032 (D.D.C. 1984) (plaintiffs could not show that they "substantially prevailed" on FOIA claims, as required to demonstrate eligibility for fees, where, "because plaintiffs were simultaneously pursuing non-FOIA claims concerning matters related to the information sought, it is reasonable to infer that documents would have been produced in any case during the normal course of discovery").  This Court should not take the unprecedented step of expanding FOIA's fee provision to encompass Plaintiff's non-FOIA claims here.

### B. Even If Plaintiff Had Prevailed on Its FOIA Claims, It Would Not Have Been Entitled to the Relief It Claims to Have Received

Plaintiff's ineligibility for fees under FOIA is underscored by the fact that not only did Plaintiff not receive the documents it requested as a result of its FOIA claims in this lawsuit, but Plaintiff would not even have been entitled to that relief if it had prevailed on its FOIA claims.

At the point Plaintiff filed suit, the Department had denied Plaintiff's applications for expedited processing of its FOIA requests, but the Department's twenty-day period to respond to Plaintiff's requests had not yet expired.  Accordingly, Plaintiff could only assert claims under 5 U.S.C. § 552(a)(6)(E)(iii), which provides that "[a]gency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph . . . shall be subject to judicial review."  *Compare* 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C) (providing district courts with jurisdiction over actions claiming that an agency "improperly withheld" records only where claimant has received an adverse determination or the twenty-day statutory response period has elapsed without any response from the agency).  Had Plaintiff prevailed on its challenge to the Department's denial of Plaintiff's requests for expedited processing, the remedy would have been for the Court to supervise the agency's production of responsive, non-exempt documents on a reasonably practicable timetable.  (*See* Opp. at 20-21 (citing *Brennan Ctr. for Justice at New*

12

*York Univ. Sch. of Law v. U.S. Dep't of State*, No. 17 Civ. 7520 (PGG), 2018 WL 369783

(S.D.N.Y. Jan. 10, 2018); *Ferguson v. FBI*, 722 F. Supp. 1137, 1145 (S.D.N.Y. 1989)).[4]  Thus,

while Plaintiff purported to bring a claim for "failure to produce requested documents" (Compl.

at 23), and sought the "immediate[] release" of the documents it had requested (*id.* ¶ 1), that

claim was plainly unripe, and the requested relief unavailable under FOIA.  This belies any

possible claim that Plaintiff "substantially prevailed," 5 U.S.C. § 552(a)(4)(E)(i), on its FOIA

claims in this lawsuit because the Department purportedly produced the requested documents

more quickly than it otherwise would have.

Additionally, Section 522(a)(4)(E)(ii)(II) authorizes fees in response to "a voluntary or

unilateral change in position by the agency" *only* "if the complainant's claim is not

insubstantial."  Because Plaintiff filed this suit before the Department's time to respond to

Plaintiff's FOIA requests had elapsed, its claim that the Department had wrongfully withheld the

documents under FOIA, entitling Plaintiff to immediate release of the documents, was clearly

premature and, thus, "insubstantial."  (*See* Opp. at 20-21); *Warren v. Colvin*, 744 F.3d 841, 845

(2d Cir. 2014) (Congress's purpose in enacting Subsection II was to "prevent federal agencies

from denying *meritorious* FOIA requests, only to voluntarily comply with a request on the eve of

trial to avoid liability for litigation costs" (emphasis added)).

## C.  The Department Could Not "Change Its Position" on Plaintiff's FOIA Requests When It Had Yet Not Taken One

Section 522(a)(4)(E)(ii)(II) is inapplicable for the additional reason that it authorizes fees

only in response to "a voluntary or unilateral *change in position* by the agency" (emphasis

---

[4] At any rate, for the reasons discussed in Defendants' Opposition, the Department's decision to deny Plaintiff's requests for expedited processing was correct.  (Opp. at 19-20.)  Plaintiff has never responded to these arguments.

added), and Plaintiff filed suit in this case before the Department had taken, or was required to take, a position on Plaintiff's FOIA requests.

Plaintiff submitted its FOIA requests on January 23, 2018.  Those requests were received on January 24, 2018.  (*See supra* at 4.)  The Department then had twenty business days, or until at least February 21, 2018, to "determine . . . whether to comply with [Plaintiffs' requests]."  5 U.S.C. § 552(a)(6)(A)(i).  Plaintiff filed suit on February 9, 2018, well before this statutory response period had expired.  The Department began producing responsive documents on February 16, 2018, and sent its response to Plaintiff—indicating that it was producing the documents Plaintiff had requested subject to certain redactions—on February 21, 2018.  (*Supra* at 6.)  The Department thus did not take any position on Plaintiff's FOIA requests until at least February 16, and did not formally convey its position to Plaintiff until February 21.  Because the Department had not yet taken any position at the point Plaintiff filed suit, it could not change its position.

Plaintiff's argument that the Department "changed its position" because the Department's production of documents "stands in stark contrast to its treatment of [Plaintiff's] FOIA before the entry of the TRO and in even starker contrast to the Department's handling of other FOIA requests seeking release of the same documentation" (Mem. at 1-2), is unconvincing.  The only communications Plaintiff had received from the Department prior to February 16 were a February 1, 2018 email stating that the Department was "conducting searches for responsive records," but did "not have a specific completion time available," and the Department's decisions denying Plaintiff's requests for expedited processing.  (Mem. at 2-3.)  Particularly given that the Department's statutory response period had not yet expired, these communications do not constitute a "position" on Plaintiffs' FOIA requests seeking release of documents.  *Simon*,

14

587 F. Supp. at 1031-32 (plaintiffs could not show that they "substantially prevailed" on their FOIA claims where "Defendants never refused to produce any information to plaintiffs and never invoked any FOIA exemptions as purported obstacles").  At any rate, neither these communications, nor the manner in which the Department responded to other FOIA requests submitted by other parties, alters the fact that the statute clearly envisions that an agency be given the opportunity to take a position on Plaintiff's FOIA requests before the requester may be eligible for fees.  *See, e.g., Barnard v. Dep't of Homeland Sec.*, 656 F. Supp. 2d 91, 97 (D.D.C. 2009) (FOIA's fee provision is intended to provide "compensation for enduring an agency's unreasonable obduracy in refusing to comply with [FOIA]'s requirements" (citing *LaSalle Extension Univ. v. FTC*, 627 F.2d 481, 484 (D.C. Cir. 1980)).  To hold otherwise would reward plaintiffs for prematurely filing suit under FOIA.

## III.    PLAINTIFF IS NOT ENTITLED TO FEES UNDER FOIA

If a Plaintiff is eligible for fees, he must still "show that he is entitled to an award under the four criteria the court weighs in determining whether fees are appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Pietrangelo*, 568 F.3d at 343.   Even then, the decision of whether to award fees is committed to the court's discretion.  *Id.*; *see also Nat'l Sec. Counselors v. CIA*, 189 F. Supp. 3d 73, 78 (D.D.C. 2016) ("The decision to award attorney fees is committed to the discretion of the district court.").

Plaintiff cannot show that it is entitled to a fee award under FOIA because the Department's time to respond to Plaintiff's FOIA requests had not yet elapsed, so its alleged "failure to produce [the] requested documents" (Compl. at 23) was clearly reasonable.  Further, while Plaintiff claims that the first factor "strongly favors [Plaintiff]" (Mem. at 9 n.2), this is not

the case because, as discussed in Defendants' Opposition and at argument on Plaintiff's TRO and preliminary injunction requests, neither Plaintiff nor other members of the public needed the documents Plaintiff requested in order to submit meaningful comments as part of the notice-and-comment period.  (Opp. at 16-19.)  Finally, policy considerations weigh against awarding fees under FOIA in this case.

### A.  The "Reasonable[ness]" of the Department's Response

The fourth *Pietrangelo* factor asks "whether the Government had a reasonable basis for withholding requested information."  568 F.3d at 343.  Plaintiff has not established that it is entitled to fees because the Department's response to its FOIA requests was not only reasonable but, given that the statutory response period had not yet elapsed, clearly correct.

As an initial matter, this factor presupposes that the Government has withheld the requested information.  *See also Davy v. CIA*, 550 F.3d 1155, 1162 (D.C. Cir. 2008) (reasonableness factor considers whether agency's opposition to disclosure "had a reasonable basis in law," and whether the agency "had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior" (citations omitted)).  Because Plaintiff brought suit before the Department's twenty-day response period under FOIA had elapsed, the Department had not yet taken any position on Plaintiff's requests, much less chosen to "withhold[] requested information," *Pietrangelo*, 568 F.3d at 343, or treat those requests in a "recalcitrant manner," *Davy*, 550 F.3d at 1162.  The mere existence of this factor highlights that FOIA's fee provision does not apply to situations like this one, where Plaintiff's FOIA claims were premature insofar as they sought anything more than review of the Department's denial of Plaintiff's requests for expedited processing, and were not, at any rate, the basis for the purported "change in position," 5 U.S.C. § 552(a)(4)(E)(ii)(II), Plaintiff has identified.

In any event, to the extent the Department could be deemed to have "with[held] [the] requested information" at the point Plaintiff brought suit, *Pietrangelo*, 568 F.3d at 343, that course of action was plainly reasonable, because the twenty-day response period—let alone a reasonable timeframe for actually producing the requested documents—had not yet expired.  *See, e.g.*, *Nat'l Day Laborer Org. Network*, 236 F. Supp. 3d at 815 (twenty-day period marks deadline for agency to make and convey its determination on whether it will produce the records to the requester, and does not require the actual production of the records within that timeframe). Plaintiff does not address this point, and instead argues that this factor somehow favors it because the Court "previously found," when granting a TRO *on Plaintiff's APA claims*, that, in failing to make the ACICS application and ABA compliance report available as part of the notice-and-comment period, the Department "may very well be acting arbitrarily and capriciously."  (Mem. at 11 (quoting Opinion & Order at 7).)  Whether the Department acted "arbitrarily and capriciously" in connection with the APA notice-and-comment process has nothing to do with whether the Department was "recalcitrant" or "engaged in obdurate behavior," *Davy*, 550 F.3d at 1162, in response to Plaintiff's FOIA requests, which it plainly was not and did not.  Indeed, Plaintiff's continued focus on its APA claims merely serves to emphasize the inapplicability of FOIA's fee provision to this case.

The D.C. Circuit has held that "the reasonableness of the agency's withholding can be dispositive—if the Government was correct as a matter of law to refuse to release records, the plaintiff is not entitled to fees."  *Nat'l Sec. Counselors*, 189 F. Supp. 3d at 79 (internal quotation marks omitted).[5]  Because the Government was indisputably "correct as a matter of law" in not

---

[5] The Second Circuit has not addressed whether the fourth factor can be dispositive.  *See N.Y. Times*, 251 F. Supp. 3d at 714.  While the district court in *N.Y. Times* declined to adopt the CIA's argument that this factor should be dispositive where the agency shows that it would have

producing responsive records before the statutory deadline to respond to Plaintiffs' FOIA requests had even expired, this factor should be dispositive in this case.

**B.  The Public Benefit Derived from the Case**

Plaintiff contends that the "Department has already conceded that disclosure of the information is in the public interest" by granting Plaintiff's request for a fee waiver in connection with its FOIA requests, and thus that this factor automatically weighs in Plaintiff's favor.  (Mem. at 9 (internal quotation marks omitted).)  However, this factor focuses not merely on the public benefit of the information sought, but on the "public benefit derived from the case." *Pietrangelo*, 568 F.3d at 343.

While Plaintiff also asserted claims under FOIA, the primary focus of the case—and the basis on which the Court entered a TRO—was Plaintiff's claim under the APA that the Department's failure to make the ACICS application and ABA compliance report available to the public in connection with the notice-and-comment process was arbitrary, capricious, and not in accordance with law.  (*See* Opinion & Order at 5-10.)  As discussed in Defendants' Opposition and at argument before the Court, neither the statute nor the Department's regulations suggest that the comments at issue were intended to focus on the documents Plaintiff sought, as opposed to the accrediting agencies themselves.  (Opposition at 16-19; March 1, 2018 Tr. at 10-12.)  Further, the public would, absent Plaintiff's FOIA claims or lawsuit, have had access to the documents later in the Department's approval process.  (Opposition at 5.)  Accordingly, the Department does not "concede[]" that this factor weighs in Plaintiff's favor, or agree that it

---

prevailed on summary judgment, the court "question[ed]" the "reasonableness of the CIA's" response to the FOIA request.  *Id.*  *N.Y. Times* is a far cry from this case, where there can be no question that the Department was not obligated to respond to Plaintiff's FOIA requests, much less produce responsive documents, prior to the expiration of the twenty-day statutory response period.

"strongly favors [Plaintiff]."  (Mem. at 9-10.)

### C.    Policy Considerations

Ultimately, if a plaintiff is eligible for fees under FOIA, the decision of whether to award

them is committed to the Court's discretion.  *Nat'l Sec. Counselors*, 189 F. Supp. 3d at 78.

Statutory fee-shifting provisions, like that at issue here, are generally intended to "further[] the

successful prosecution of meritorious claims."  *Pietrangelo*, 568 F.3d at 344 (citation omitted).

In the FOIA context in particular, "[t]he award of attorney's fees . . . was intended to relieve

plaintiffs with legitimate [FOIA] claims of the burden of legal costs."  *Falcone v. IRS*, 714 F.2d

646, 647 (6th Cir. 1983).

These interests would not be served by awarding FOIA fees to a plaintiff who has not

asserted meritorious FOIA claims, but instead sought to bypass FOIA's procedures by

prematurely demanding the "immediate[] release" of requested records (Compl. at 24) before the

expiration of the statutory response period.  Even if the Court finds that such a plaintiff could be

eligible for fees under FOIA, it should not award them in this context.

## IV.    EVEN IF PLAINTIFF WERE ELIGIBLE FOR AND ENTITLED TO FEES UNDER FOIA, THE MAJORITY OF THE FEES IT SEEKS ARE IMPROPER

Plaintiff seeks attorney's fees of $50,682.50, including "fees on fees" $7,837.50, and

costs of $677.48 in costs, for a total of $51,359.98.  (Mem. at 2; Declaration of Alexander Elson

in Support of Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 40-1) ("Elson Decl.")

¶¶ 15-17.)  Even if Plaintiff were eligible for and entitled to fees, this far exceeds the amount that

Plaintiff could reasonably recover.

First, while Plaintiff indiscriminately seeks fees for all or the majority of its work through

the Court's entry of the TRO and Plaintiff's review of the documents it later received, Plaintiff's

recovery for fees pursuant to FOIA's fee provision must necessarily be limited to fees arising

from its FOIA claims.  *See, e.g.*, *Dasilva v. U.S. Citizenship and Immigration Servs.,* No. 13 Civ.

13 (LMA), 2014 WL 775606, at *8 (E.D. La. Feb. 24, 2014) (where plaintiff asserted both FOIA

and non-FOIA claims, plaintiff could only recover fees for work on successful FOIA claims);

*Pohl v. EPA*, No. 09 Civ. 1480 (WLS), 2012 WL 762083, at *13 (W.D. Pa. March 7, 2012)

(plaintiff not entitled to fees under FOIA for claims not brought under FOIA).  It is not apparent

from Plaintiff's fee application how many of the hours for which it seeks compensation relate to

work on Plaintiff's FOIA, as opposed to APA, claims.  *See generally Hensley v. Eckerhart*, 461

U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an

award and documenting the appropriate hours expended and hourly rates . . . , and should

maintain billing time records in a manner that will enable a reviewing court to identify distinct

claims").  It is clear, however, that Plaintiff's arguments in its complaint, in its motion for a TRO

and preliminary injunction, and at oral argument on the TRO motion focused primarily on its

APA claims.  (*See* Compl. ¶¶ 2-6, 16-40, 45-48, 66-76; Mem. in Support of Order to Show

Cause (Dkt. No. 15); Transcript of February 15, 2018 Oral Argument ("Feb. 15, 2018 Tr.").)  In

particular, oral argument on Plaintiff's TRO request, for which Plaintiff's counsel reports

spending approximately seventeen hours preparing, focused almost entirely on Plaintiff's APA

claims, with arguments regarding Plaintiff's FOIA claims consuming less than three pages of the

thirty-one page transcript.  (*See* Feb. 15, 2018 Tr. at 3:16-19; 4:6-15; 5:17-6:3; 7:20-8:17; 12:18-

23; 29:1-7; 29:25-30:6.)  Accordingly, the proportion of Plaintiff's counsel's time spent on

Plaintiff's FOIA claims, as opposed to its APA claims, would appear to be minimal (less than ten

percent, if the transcript is used as a measure).

 Second, plaintiffs are generally entitled to fees corresponding only to those claims on

which they have prevailed.  *See, e.g.*, *Anderson v. HHS*, 80 F.3d 1500, 1506 (10th Cir. 1996)

(plaintiff not entitled to fees for time expended on matters on which she did not prevail);
*Copeland v. Marshall*, 641 F.2d 880, 891-92 (D.C. Cir. 1980) ("no compensation should be paid
for time spent litigating claims upon which the party seeking the fee did not ultimately prevail");
*Nat'l Sec. Archive v. Dep't of Defense*, 530 F. Supp. 2d 198, 205 (D.D.C. 2008) ("awarding
[plaintiff] its entire fee, and thus compensating it at least in part for time spent on a losing claim,
would be an abuse of discretion").  Because Plaintiff did not prevail on its FOIA claims at all,
this analysis confirms that Plaintiff is not, in fact, entitled to fees under FOIA.  At any rate,
Plaintiff's fee award should at the very least be substantially reduced to reflect that Plaintiff
achieved minimal (if any) success on its legal claims in this lawsuit.  *See Judicial Watch, Inc. v.
U.S. Dep't of Justice*, 878 F. Supp. 2d 225, 239 (D.D.C. 2012) ("[W]here the plaintiff achieved
only limited success, the district court should award only that amount of fees that is reasonable in
relation to the results obtained." (quoting *Hensley*, 461 U.S. 424)).

Third, in light of the preliminary stage at which this case was dismissed, the number of
hours for which Plaintiff seeks fees is excessive.  Notably, the number of hours for which
Plaintiff seeks fees is nearly equal to the number Judge Rakoff recently found excessive for the
litigation of a FOIA case *through summary judgment briefing*.  *See N.Y. Times*, 251 F. Supp. 3d
at 715-17 (reducing fee award from $61,909.86 to $51,909.86 based in part on finding that fifty-
five hours spent on summary judgment briefing was excessive, despite "fact- and time-intensive"
nature of argument); *N.Y. Times v. CIA*, 16 Civ. 3098 (JSR), ECF No. 33, Declaration of David
E. McCraw ¶ 43 (detailing that requested fee of $61,909.86 corresponded to 119.80 hours);
*compare* Elson Decl. Ex. A (seeking fees for total of 106.7 hours, including 50.2 hours spent on
TRO brief and preparation for argument on same).  In particular, Judge Rakoff found that
seventeen hours spent on litigating "fees on fees"—an amount almost identical to the 16.5 hours

purportedly expended here—was excessive.  *Id.* at 715; (Elson Decl. Ex. A at 2-3).  Accordingly, any fee award should be reduced.

Finally, Plaintiff should not be awarded fees for counsel's time spent reviewing the documents the Department provided in response to Plaintiff's FOIA requests.  (Elson Decl. Ex. A at 2 (seeking fees for 4.3 hours spent on tasks including "phone calls . . . re document production" and 7.4 hours for review of documents produced)); *see Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 825 F.Supp.2d 226, 231 (D.D.C. 2011) (holding that "Plaintiff is not entitled to recover for time spent reviewing the documents it instituted this lawsuit to obtain," because review of documents "is simply the price of making [a FOIA] request").[6]

---

[6] While Judge Rakoff permitted the plaintiff in *N.Y. Times* to recover fees for time spent reviewing the documents at issue, he did so on the theory that the plaintiff would need to review the documents, for which the CIA had initially submitted a Glomar response and to which it had made redactions, for "sufficiency and proper withholding."  *Id.* at 716 (citation omitted). Further, plaintiff had only spent two hours reviewing the documents.  *Id.*  Here, by contrast, the Department never refused to produce the requested documents, and Plaintiff's claim to success in this lawsuit hinges entirely on having purportedly received the requested documents faster.  Once Plaintiff had received the documents, this success, insofar as Plaintiff achieved it, was complete. In other cases where courts have permitted fees for time spent reviewing FOIA documents, they have done so because the review permitted the plaintiff to seek and obtain additional relief.  *See, e.g.*, *Rosenfield v. U.S. Dep't of Justice*, 904 F. Supp. 2d 988, 1005 (N.D. Cal. 2012) (time at issue was "spent to ensure that the agency had actually produced the records, to prepare motions for summary judgment, to prepare evidence on adequacy of searches, etc." (internal quotation marks omitted).)  That was not the case here.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for fees and costs.

Dated: May 7, 2018
      New York, New York

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney for the
                                              Southern District of New York
                                              *Attorney for the Defendants*

                                By:    /s/ Rachael L. Doud
                                                RACHAEL L. DOUD
                                              Assistant United States Attorney
                                              86 Chambers Street, 3rd Floor
                                              New York, New York 10007
                                              Tel.:  (212) 637-3274
                                              E-mail: rachael.doud@usdoj.gov

23